UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CR-0021-001-CVE |
| | ) | |
| WASEEM JAFAR KAHN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant Waseem Jafar Kahn's ("Khan") Motion to Suppress (Dkt. # 29). While Kahn refers to this as a motion to suppress, the Court will treat it as a motion in limine to seek the exclusion of certain evidence at trial. Kahn seeks to prevent the admission of a post-indictment conversation between Kahn and Narcotics Agent Bryant Knox on March 31, 2006 based on Massiah v. United States, 377 U.S. 201 (1964), and its progeny. In its response, the Government agrees that the March 31, 2006 conversation is inadmissible in its case-in-chief for reasons set forth in Massiah; however, it notes that the conversation in question would be admissible to impeach Kahn's credibility should he deny knowledge that the pseudoephedrine he allegedly supplied would be used to make methamphetamine. In United States v. McManaman, 606 F.2d 919, 925 (10th Cir. 1979), the Tenth Circuit made clear that evidence that is inadmissible in the Government's case-in-chief can be used in rebuttal to impeach the defendant. Unlike the situation in McManaman where the evidence in question was nonetheless excluded because it was highly prejudicial to the defendant, here, admission of the March 31, 2006 conversation for impeachment purposes would not be overly prejudicial to Kahn. Therefore, the Court determines that the March 31, 2006

conversation and any other conversations or statements of like nature are inadmissible in the Government's case-in-chief but admissible for purposes of impeachment.

**IT IS THEREFORE ORDERED** that defendant's Motion to Suppress (Dkt. # 29) is **granted in part and denied in part**.

**DATED** this 15th day of September, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT